**LANG & KLAIN, P.C.**
8767 E. VIA DE COMMERCIO, SUITE 102
SCOTTSDALE, ARIZONA 85258
TELEPHONE (480) 947-1911
FilingKAL@lang-klain.com (For court filings only)

WILLIAM G. KLAIN, #015851
GEORGE H. KING, #013287

*Attorneys for Applicants Celso Catucci,
Nicole Aubin and Lorraine O'Brien*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Application of Celso Catucci, Nicole Aubin and Lorraine O'Brien to take discovery from Gary Tanner under 28 U.S.C. § 1782 for use in foreign proceedings | Case No.<br><br>**APPLICATION TO TAKE DISCOVERY PURSUANT TO 28 U.S.C. § 1782** |

Applicants Celso Catucci, Nicole Aubin and Lorraine O'Brien ("Applicants") respectfully submit this application (the "Application") pursuant to 28 U.S.C. § 1782. Applicants seek an order, in the form lodged herewith, granting Applicants leave to serve Gary Tanner, who is an individual believed to be residing within this District, with a subpoena to appear for a deposition and to produce the documents described in **Exhibit 1** attached hereto. As grounds for the Application, Applicants state as follows:

## JURISDICTION AND VENUE

1. 28 U.S.C. § 1782 allows litigants in foreign proceedings to seek and obtain discovery from persons residing or found in the United States for use in such proceedings before a foreign tribunal. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Application arises under a law of the United States.

2. Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1782(a) because the person from whom discovery is sought resides or may be found within this District.

3. Applicants are individual plaintiffs asserting claims in the Superior Court Province of Quebec and the Superior Court of Justice Province of Ontario, Canada, against

Valeant Pharmaceuticals International, Inc. ("Valeant"), certain of Valeant's directors and officers at relevant times, and Valeant's auditors. *See* Declaration of S. Sajjad Nematollahi in Support of Application to Take Discovery Pursuant to 28 U.S.C. § 1782 ("Nematollahi Decl."), submitted concurrently herewith, at ¶¶ 2, 4-7, and **Ex. A, B** thereto.

4. Mr. Gary Tanner is a former employee of Valeant. Mr. Tanner resides, is believed to reside, or may be found in Gilbert, Arizona, within the Phoenix metropolitan area. Nematollahi Decl. at ¶¶ 10-11, 23, 28.

## PROCEDURAL BACKGROUND AND FACTS

5. The securities class proceeding styled *Catucci v. Valeant Pharmaceuticals International Inc. et al* ("Quebec Class Action") was commenced on October 26, 2015, and it remains pending the Quebec Superior Court in Montreal, Quebec, Canada. Applicant, Mr. Catucci, is the plaintiff in the Quebec Class Action. Applicant, Ms. Aubin, seeks to be added as a plaintiff in the Quebec Class Action, and Applicants' counsel expects that the Quebec Court will permit her addition as a plaintiff in the Quebec Class Action. Nematollahi Decl. at ¶¶ 2, 4-5.

6. The securities class proceeding styled *O'Brien v. Valeant Pharmaceuticals International Inc. et al* ("Ontario Class Action") was commenced on December 23, 2015, and it remains pending in the Ontario Superior Court of Justice in Toronto, Ontario, Canada. Applicant, Ms. O'Brien, is the proposed representative plaintiff in the Ontario Class Action. Nematollahi Decl. at ¶¶ 2, 6.

7. The Quebec Class Action and the Ontario Class Action (together, the "Canadian Class Actions") are securities class proceedings brought on behalf of a proposed class of investors in Valeant, who acquired Valeant's common shares or other securities in the secondary or primary markets ("Class"). Nematollahi Decl. at ¶¶ 2, 8.

8. The Canadian Class Actions arise from the facts surrounding Valeant's business, operations and financial reporting, particularly with respect to a network of relationships with specialty pharmacies. It is alleged that, at all relevant times, Valeant issued materially false and misleading disclosure documents that contained misrepresentations within the meaning of

Canadian securities law regarding Valeant's business and operations. Nematollahi Decl. at ¶ 9.

9. In October 2015, information and allegations began to emerge that, since 2013, Valeant had engaged in a complex network of concealed business relationships with the specialty pharmacy, Philidor, and other pharmacies within the Philidor network that were directly and/or indirectly controlled by Valeant in order to facilitate improper business practices, overstate Valeant's sales and financial results and, overall, misrepresent the true state of its operations. Valeant had never disclosed its relationships with Philidor and the other specialty pharmacies within the Philidor network. Nematollahi Decl. at ¶¶ 13-14.

10. As a result of public disclosure of information regarding Valeant's previously undisclosed relationships with Philidor and other specialty pharmacies, Valeant's market capitalization has declined and Applicants and other Valeant investors have suffered significant damages. Nematollahi Decl. at ¶ 15.

11. Applicants' counsel possesses credible information that Mr. Tanner was significantly involved in Valeant's business through Philidor and the pharmacies within the Philidor network. Accordingly, Mr. Tanner possesses knowledge and information pertaining to Applicants' claims in the Canadian Class Actions. Applicants' counsel believes that Mr. Tanner knows facts concerning the relationship between Valeant and Philidor and the specialty pharmacies within the Philidor network, the availability or existence of documents that may support Applicants' claims or assist in the conduct of the Canadian Class Actions, and the identities of witnesses. Nematollahi Decl. at ¶¶ 16, 20-22.

12. Applicants' counsel believes that Mr. Tanner has left the employ of Valeant. Nematollahi Decl. at ¶ 23.

13. As a courtesy, Applicants' counsel is providing notice of this Application to the defendants in the Canadian Class Actions through their counsel. Nematollahi Decl. at ¶ 30.

## STANDARDS UNDER 28 U.S.C. § 1782

14. 28 U.S.C. § 1782(a) provides for discovery in the United States to assist litigants before foreign tribunals:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

15. To obtain discovery under § 1782, a party must show that: (1) the party is an "interested person" with respect to the foreign proceedings; (2) the person from whom the discovery is sought is a resident of the District to which the application is made; and (3) the discovery sought is "for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a); *see also Akebia Therapeutics Inc. v. FibroGen, Inc.*, 793 F.3d 1108 (9th Cir. 2015).

16. The purpose of the law is salutary. "The statute's purpose is twofold: to 'provid[e] efficient assistance to participants in international litigation" and to "encourage[e] foreign countries by example to provide similar assistance to our courts.'" *Akebia Therapeutics*, 793 F. 3d at 1110, *citing Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004).

17. This Application satisfies all three requirements. First, Applicants are "interested persons" within the meaning of § 1782. Mr. Catucci and Ms. O'Brien are plaintiffs in the Canadian Class Actions, and Ms. Aubin seeks, and is expected, to be added as a plaintiff. *See Intel Corp.,* 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782.").

18. This Court's holding in *In re Application of Ontario Principals' Council, Gordana Stefulic, Vivian Mavrou and Varla Abrams, Applicants,* 2014 U.S. Dist. LEXIS 109752, *4-5 (D. Ariz. 2014) is instructive on this point:

> Applicants meet the statutory requirements of 28 U.S.C. § 1782. Giglinx is located in Scottsdale, Arizona and Applicants are interested persons who intend to seek relief by commencing suit in Ontario, Canada. In order to apply for discovery pursuant to 28 U.S.C. § 1782, a formal proceeding in the foreign jurisdiction need not be currently pending, or even imminent, as is the case here. *Intel Corp.,* 542 U.S. at 258-59. Instead, all that is necessary is that a "dispositive ruling" by the foreign adjudicative body is "within reasonable contemplation."

19. Second, Mr. Tanner, the person from whom discovery is sought, "resides or is found" in this District. 28 U.S.C. § 1782(a). Nematollahi Decl. at ¶¶ 10, 28. Finally, the requested discovery is sought for use in proceedings in foreign tribunals, namely the courts of the Province of Quebec and the Province of Ontario, Canada. Applicants seek information from Mr. Tanner that is material to Applicants' claims, and ultimately would help to advance the claims in the Canadian Class Actions. Nematollahi Decl. at ¶¶ 11, 21.

20. In *Intel*, the Supreme Court outlined several factors that the District Court may consider in ruling on a § 1782 application. Each of those factors weighs strongly in favor of this Court granting this Application.

21. First, Mr. Tanner is not a party in the Canadian Class Actions. Thus, Applicants are unable to get the requested evidence from Mr. Tanner through normal discovery channels in the Canadian Class Actions because the Quebec and Ontario Courts have no jurisdiction over Mr. Tanner and cannot compel him to testify. *See Intel*, 542 U.S. at 263; Nematollahi Decl. at ¶¶ 24-25, 27.

22. Second, the "nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance" (*Intel*, 542 U.S. at 264) also favor Applicants. The Canadian Class Actions are pending in the Quebec and Ontario Courts, which are receptive to assistance provided by the U.S. courts. Nematollahi Decl. at ¶¶ 2, 26-27.

23. Finally, this Application does not seek information that is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 245. Applicants seek authority to serve a document and deposition subpoena on Mr. Tanner. Applicants' document requests are limited to seeking relevant documents concerning Valeant's business relationships with Philidor and the specialty pharmacies within the Philidor network. Applicants also seek to depose Mr. Tanner for one day of up to seven hours, and to conduct that deposition in accordance with the Federal Rules of Civil Procedure. Nematollahi Decl. at ¶ 29.

24. Having demonstrated that this Application meets all the requirements of 28 U.S.C. § 1782, Applicants respectfully request that this Court exercise its discretion and grant

the Application to take discovery from Mr. Tanner in Arizona in connection with the Canadian Class Actions. *See Intel*, 542 U.S. at 263.

25. A proposed order is filed herewith.

WHEREFORE, Applicants pray that this Court enter the order filed herewith:

A. Granting Applicants' application for discovery from Gary Tanner pursuant to 28 U.S.C. § 1782;

B. Authorizing Applicants' U.S. counsel to issue to Gary Tanner, pursuant to Fed. R. Civ. P. 45, a subpoena for (a) the deposition of Gary Tanner, which deposition to be conducted upon reasonable notice to the deponent and all parties to the Canadian Class Actions and in accordance with the Federal Rules of Civil Procedure; and (b) the production of the documents described in Exhibit 1 no later than 7 business days before the date on which Mr. Tanner's deposition is to be taken;

C. Appointing William G. Klain to issue and sign and to oversee service of the subpoena on Gary Tanner;

D. Permitting Applicants' counsel in this Application and their Canadian counsel to question Gary Tanner at the deposition; and

E. Permitting any other party to the Canadian Class Actions who wishes to do so also to appear at the deposition and to question Gary Tanner.

DATED this 12th day of February, 2016.

LANG & KLAIN, P.C.


By: */s/ William G. Klain*
William G. Klain
George H. King
*Attorneys for Applicants Celso Catucci,*
*Nicole Aubin and Lorraine O'Brien*

1  ORIGINAL electronically filed
   with the Clerk of the Court
2  this 12th day of February, 2016,

3  COPY mailed this same date to:

4  Gary Tanner
   219 North Cottonwood Drive
5  Gilbert, Arizona 85234

6
   By: */s/ Janel Rubert*
7

8

...