# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>Application of Celso Catucci, Nicole Aubin, and Lorraine O' Brien to take discovery from Gary Tanner under 28 U.S.C. § 1782 for use in foreign proceedings | No. MC-16-00015-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on the Renewed Motion to Vacate Order Granting Application Pursuant to 28 U.S.C. § 1782 and to Quash, or in the Alternative Stay, Rule 45 Subpoena Issued to Gary Tanner (Doc. 14) filed by Mr. Tanner on September 26, 2016. Mr. Tanner requests in the motion that the Court vacate its prior Order (Doc. 5) granting the Application to Take Discovery Pursuant to 28 U.S.C. § 1782 (Doc. 1) filed by Celso Catucci, Nicole Aubin, and Lorraine O' Brien (the "Applicants"). The Order authorized the Applicants to issue a subpoena "for the deposition of Gary Tanner, and to required him to produce, no later than seven business days before the date on which the deposition shall be taken, the documents described in Exhibit 1 to the Application." (Doc. 5 at 2). The Applicants filed a Response to Gary Tanner's Renewed Motion to Vacate (Doc. 21)[1] on October 26, 2016, and Mr. Tanner filed a Reply (Doc. 26) on November 9, 2016.

---

[1] The Response is combined with a Response to Valeant's Motion to Intervene and Quash, Stay or Limit Subpoena. Valeant, Mr. Tanners former employer (Doc. 15 at 7), filed the Motion to Intervene and Quash, Stay or Limit Subpoena (Doc. 15) on October 5, 2016.

As referenced in footnote 1, also pending is Valeant's Motion to Intervene and Quash, Stay or Limit Subpoena (Doc. 15). The Applicants filed a Response (Doc. 21) and Valeant filed a Reply (Doc. 27). Additionally, on October 13, 2016, the Applicants, Mr. Tanner and Valeant filed a Stipulation to Intervention and to Consolidated Briefing Schedule (Doc. 17) in which the Applicants assert they "do not oppose Valeant's Motion to Intervene, but Applicants do oppose the other relief sought in the Tanner Motion and the Valeant Motion." (Doc. 17 at 1). They also proposed a briefing schedule for Applicants' combined response, and the replies by Mr. Tanner and Valeant.

On November 18, 2016, counsel for Mr. Tanner filed a Notice of Arrest (Doc. 29) stating that "Mr. Tanner was arrested on November 17, 2016 in the District of Arizona in connection with a criminal complaint filed in the Southern District of New York in *United States of America v. Gary Tanner and Andrew Davenport*, 16 MAG 7338." (Doc. 29). The Notice further provides that the allegations in the criminal complaint against Mr. Tanner relate to his roles and employment at Valeant and Philidor, a mail order pharmacy that had a business relationship with Valeant. The Court has verified the pending criminal matter against Mr. Tanner in the Southern District of New York. The docket in the criminal case, which now bears the case number 17-cr-00061-LAP, reflects that an Indictment was filed against Mr. Tanner and Mr. Davenport on January 26, 2017. The Court has reviewed the allegations against Mr. Tanner in the Indictment.

When the Court granted the *ex parte* application pursuant to 28 U.S.C. § 1782 in February 2016, it was unaware that Mr. Tanner was under criminal investigation. The Indictment in Mr. Tanner's criminal case shows that the subject matter of the investigation and subsequent criminal charges is the same subject matter for which the Applicants sought deposition testimony and documents in their § 1782 application.

**A. Legal Standards**

28 U.S.C. § 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal

- 2 -

> investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

The statute further provides that "[a] person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege." 28 U.S.C. § 1782(a). A district court has discretion whether to grant discovery pursuant to section 1782. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004).

The Fifth Amendment guarantees that "[n]o person … shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. The Fifth Amendment privilege against self-incrimination can be asserted in any civil or criminal proceeding "and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." *Kastigar v. United States*, 406 U.S. 441, 444-445 (1972). The "privilege is only properly invoked in the face of 'a real and appreciable danger of self-incrimination.'" *United States v. Antelope*, 395 F.3d 1128, 1134 (9th Cir. 2005) (quoting *McCoy v. Commissioner of Internal Revenue*, 696 F.2d 1234, 1236 (9th Cir. 1983)).

**B. Discussion**

When the Applicants and Mr. Tanner addressed in their briefing whether Mr. Tanner could properly invoke the Fifth Amendment to avoid responding to the Applicants' subpoena, his potential exposure to criminal liability was still an open question. Thus, there were perhaps legitimate arguments about whether Mr. Tanner

faced a real and appreciable danger that any disclosures made pursuant to the Applicants' § 1782 subpoena could be used against him in a criminal prosecution. Now that Mr. Tanner is under indictment in a federal court in New York, that question has been resolved. Clearly, Mr. Tanner's Fifth Amendment rights are implicated by the Applicants' subpoena, which all parties agree seeks information pertaining to the same subject matter as the criminal charges.

As noted above, 28 U.S.C. § 1782(a) expressly recognizes that a person from whom statements or documents are sought may not be compelled to provide the information in violation of a legally applicable privilege. The Court has no difficulty here concluding that Mr. Tanner has a clear Fifth Amendment privilege to avoid responding to the Applicants' subpoena for testimony and for documents. The Court will therefore vacate its prior Order (Doc. 5) granting the § 1782 application and will quash any subpoenas issued pursuant to that Order.

Accordingly,

**IT IS ORDERED** that Mr. Gary Tanner's Renewed Motion to Vacate Order Granting Application Pursuant to 28 U.S.C. § 1782 and to Quash, or in the Alternative Stay, Rule 45 Subpoena Issued to Gary Tanner (Doc. 14) is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court's Order Granting Application Pursuant to 28 U.S.C. § 1782 (Doc. 5) is **VACATED**, and any and all subpoenas issued as a result of that Order are hereby **QUASHED**.

**IT IS FINALLY ORDERED** that Valeant's Motion to Intervene and Quash, Stay or Limit Subpoena (Doc. 15) and the Stipulation to Intervention and to Consolidated Briefing Schedule (Doc. 17) are **DENIED** as moot.

The Clerk of Court shall terminate this matter.

Dated this 9th day of June, 2017.

Honorable Diane J. Humetewa
United States District Judge